IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| ANNA S. LANGSTON and ETHAN LANGSTON | ) ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | No. 2:21-cv-2055 |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) |  |
| Defendant. | ) ) |  |

**ORDER**

This is an insurance case.  Plaintiffs Anna S. Langston and Ethan Langston assert claims of breach of contract and bad faith refusal to pay under Tennessee law.  (ECF No. 1.)  Before the Court is Defendant State Farm Fire and Casualty Company's ("State Farm") Motion for Summary Judgment (the "Motion.")  (ECF No. 22.)  Plaintiffs have opposed the Motion.  (ECF No. 27.)  For the following reasons, the Motion is GRANTED in part and DENIED in part.

**I.   Background**

The following facts are undisputed.

On March 20, 2019, Anna and Ethan Langston purchased an all-risk homeowner's policy with State Farm (the "Policy") for their home in Germantown, Tennessee.  (ECF No. 1-1.)  On or

around January 16, 2020, while the Policy was in full force and effect, the Langstons discovered water damage to their insured property. (Id.) The Langstons' cast-iron plumbing system had failed, and water had leaked from the plumbing system and damaged the their kitchen cabinets. On January 20, 2020, the Langstons filed a claim with State Farm. (Id.) State Farm denied the claim on February 14, 2020. (Id.) On November 4, 2020, Plaintiffs sent a letter to State Farm that said in part, "Please also accept this correspondence as a demand, pursuant to T.C.A. § 56-7-105, for payment of the insured's loss." (ECF No. 1-1 at 69.)

On January 11, 2021, the Langstons filed suit in the Circuit Court of Shelby County, Tennessee, alleging breach of contract and bad faith refusal to pay. (ECF No. 1.) State Farm removed to this Court on January 26, 2021. (Id.) Around this time, Plaintiffs enlisted three expert witnesses to assess and survey the damage: Jimmy Rooker, Sonya Jones, and Michael Ward. State Farm hired its own expert, Thomas Smith. On March 15, 2022, State Farm filed the Motion. Plaintiffs responded on April 11, 2022. (ECF No. 27.) State Farm replied on April 25, 2022. (ECF No. 29.)

## II.  Jurisdiction and Applicable Law

The Court has diversity jurisdiction under 28 U.S.C. § 1332. A federal district court has original jurisdiction of all civil

2

actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1).

Plaintiffs are Tennessee citizens. (ECF No. 1.) State Farm is a corporation with its principal place of business in Illinois. (Id.) Plaintiffs seek no less than $50,000 to repair the property, consequential damages, and attorney's fees. (Id.) It is more likely than not that the amount in controversy exceeds $75,000. The Court has jurisdiction.

State substantive law applies to state law claims in federal court. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78-80 (1938). When there is no dispute that a certain state's substantive law applies, the court need not conduct a choice-of-law analysis sua sponte. See GBJ Corp. v. E. Ohio Paving Co., 139 F.3d 1080, 1085 (6th Cir. 1998). Throughout the case, the parties have assumed that Tennessee substantive law governs Plaintiffs' claims. (See ECF Nos. 22, 27.) The Court will apply Tennessee substantive law.

**III. Standard of Review**

Under Federal Rule of Civil Procedure 56, a court shall grant a party's motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by showing

3

the court that the nonmoving party, having had sufficient opportunity for discovery, has no evidence to support an essential element of his case. See Fed. R. Civ. P. 56(c)(1); Viet v. Le, 951 F.3d 818, 823 (6th Cir. 2020) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

When confronted with a properly-supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine dispute for trial. See Fed. R. Civ. P. 56(c). "A 'genuine' dispute exists when the plaintiff presents 'significant probative evidence' 'on which a reasonable jury could return a verdict for her.'" EEOC v. Ford Motor Co., 782 F.3d 753, 760 (6th Cir. 2015) (quoting Chappell v. City of Cleveland, 585 F.3d 901, 915 (6th Cir. 2009)). The nonmoving party "must show that there is more than 'some metaphysical doubt as to the material facts.'" Goodman v. J.P. Morgan Inv. Mgmt., Inc., 954 F.3d 852, 859 (6th Cir. 2020) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

A party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. Celotex Corp., 477 U.S. at 324. Instead, the nonmoving party must adduce concrete evidence on which a reasonable juror could return a verdict in her favor. See Fed. R. Civ. P. 56(c)(1). The Court does not have the duty to search the record for such evidence. See Fed.

4

R. Civ. P. 56(c)(3); InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." Wimbush v. Wyeth, 619 F.3d 632, 636 (6th Cir. 2010).

Although summary judgment must be used carefully, it "is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut." FDIC v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (quotation marks and citations omitted).

**IV. Analysis**

    **A.   Breach of Contract**

Plaintiffs allege that State Farm breached the Policy by refusing to pay for a covered loss. State Farm seeks summary judgment and argues that Plaintiffs' loss is not covered by the Policy. At issue are two clauses in the Policy: the "resulting loss" clause and the "tear out" clause.

        **1.   The "Resulting Loss" Clause**

The Policy is an all-risk policy, which "automatically covers any loss unless the policy contains a provision expressly excluding the loss from coverage." Cincinnati Ins. Co. v. Banks, 610 F. App'x 453, 457 (6th Cir. 2015) (quoting

5

HCA, Inc. v. Am. Prot. Ins. Co., 174 F.W.3d 184, 187 (Tenn. Ct. App. 2005)). Under an all-risk policy, the claimants bear the initial burden of proving that they come within the terms of the policy. Id. The insurer carries the burden if it claims that one of the policy exclusions applies to the claimant and prevents recovery. Id. (internal quotations and citations omitted). Exceptions, exclusions, and limitations in insurance policies must be construed against the insurance company and in favor of the insured. Id. (quoting Allstate Ins. Co. v. Watts, 811 S.W.2d 883, 886 (Tenn. 1991)).

It is undisputed that Plaintiffs had a valid all-risk insurance policy and that the property sustained direct physical damage caused by water while the Policy was in effect. Plaintiffs have met their initial burden of establishing that their claim is within the terms of the policy.

State Farm argues that the resulting loss clause in the Policy excludes Plaintiffs' loss from coverage. The resulting loss clause states:

> 1. We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

6

> . . .
>
> f. continuous or repeated seepage or leakage of water or steam from a:
>
> (1) heating, air conditioning or automatic fire protective sprinkler system;
>
> (2) household appliance; or
>
> (3) plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings or floors; which occurs over a period of time.
>
> g. wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown
>
> . . .
>
> However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section.

(ECF No. 1-1 at 24.)

State Farm contends that the loss to the plumbing system was caused by continuous or repeated seepage of water that led to the wear, tear, and deterioration of the cast iron plumbing system. The parties' expert witnesses agree. Jimmy Rooker says that the plumbing system failed because of wear, tear, rust, deterioration, and corrosion, which resulted from a continuous seepage and leakage coming from the cast iron drainpipe. (ECF No. 22-4.) Rooker believes that the leak had been going on for years and that this was not an overnight problem. (Id.) Sonya Jones says the plumbing system failed

7

because of continuous seepage of water and waste that led to wear, tear, rust, deterioration, and corrosion. (ECF No. 22-5.) Thomas Smith says the cast iron pipe contained corrosion because of improper maintenance of the drainpipe and deterioration of the cast iron material over the years. (ECF No. 22-7.)

The Langstons do not dispute this, but argue that "resulting loss" clause provides an exception to the exception. It states in relevant part: "However, we do insure for any resulting loss from items a. through m. unless the resulting loss is itself a Loss Not Insured by this Section." The Langstons contend that the ensuing water damage to their kitchen cabinets is a covered loss under the Policy even if the loss to the plumbing system is not. State Farm says the "resulting loss" clause means that any loss that results from an excluded loss is not covered.

The Sixth Circuit has previously rejected State Farm's argument. In <u>Blaine Const. Corp. v. Ins. Co. of North America</u>, 171 F.3d 343 (6th Cir. 1999), an insured construction contractor asserted a claim against the insurer for the cost of replacing insulation. <u>Id.</u> at 343. The insulation was ruined by condensation due to a poorly installed vapor barrier. <u>Id.</u> The policy excluded coverage for losses from faulty

workmanship, "unless loss or damage from an insured Peril ensues and then only for such ensuing loss or damage." Id. at 346.  The insured acknowledged that the faulty workmanship exclusion barred recovery for the faulty vapor barrier itself, but argued that the policy provided recovery for the damaged insulation that resulted from the condensation.  The insurer contended that for an "ensuing loss" to be covered, it must be the result of a "new, separate and independent peril from the peril that is excluded, rather than a loss that follows naturally and ordinarily from an excluded peril." Id. at 350.  The Sixth Circuit, interpreting Tennessee law, rejected the insurer's argument and concluded that the water damage could be protected under an ensuring loss provision.  Id.

According to Blaine, a "resulting loss" provision covers a loss that results from an uncovered loss.  Here, the damage to the plumbing system is not covered.  However, the water damage to the kitchen cabinets that ensued from the broken plumbing system is covered.  The water damage to the kitchen cabinets is covered under the Policy.

### 2. The "Tear Out" Clause

State Farm argues in the alternative that, even if there is partial coverage for the claimed damages, those damages are

9

limited by the specific language of the "tear out" clause. The clause states:

> 13. **Tear Out.** If a Loss Insured to Coverage A property is caused by water or steam escaping from a system or appliance, we will also pay the reasonable cost you incur to tear out and replace only that particular part of the building or condominium unit owned by you necessary to gain access to the specific point of that system or appliance from which the water or steam escaped. We will not cover the cost of repairing or replacing the system or appliance itself. This coverage does not increase the limit applying to Coverage A property.

(ECF No. 27-9 at 42.)

State Farm contends that the "tear out" clause limits any recovery to what is "necessary to gain access to the system." The Langstons argue that State Farm should pay for the entire plumbing system under the clause. The "tear out" clause applies only to a "loss insured." The damage to the plumbing system is not insured. The "tear out" provision does not apply to the plumbing system.

State Farm's Motion for Summary Judgment is GRANTED for damages for the plumbing system and DENIED for water damage that resulted from the plumbing system.

### B. Bad Faith Refusal to Pay

An insurance company is liable for a 25 percent penalty on top of the loss if it refuses to pay a loss within sixty days

10

after a demand has been made by the policyholder. T.C.A. 56-7-105(a). Section 56-7-105(a) requires a showing that:

> (1) the policy of insurance must, by its terms, have become due and payable, (2) a formal demand for payment must have been made, (3) the insured must have waited 60 days after making demand before filing suit (unless there was a refusal to pay prior to the expiration of the 60 days), and (4) the refusal to pay must not have been in good faith.

Minton v. Tenn. Farmers Mut. Ins. Co., 832 S.W.2d 35, 38 (Tenn. Ct. App. 1992) (citing Palmer v. Nationwide Mut. Fire Ins. Co., 723 S.W.2d 124, 126 (Tenn. Ct. App. 1986)).

State Farm argues for summary judgment because Plaintiffs made no formal demand for payment. (ECF No. 22 at 16.) On November 4, 2020, Plaintiffs wrote to State Farm. (ECF No. 1-1 at 69.) The letter states in relevant part: "Please also accept this correspondence as a demand, pursuant to T.C.A. § 56-7-105, for payment of the insured's loss." (Id.) State Farm contends that this letter is not a formal demand for payment because Plaintiffs did not specify the monetary amount they sought to recover.

The formal demand element of § 56-7-105 serves three purposes:

> (1) the insurance company has an opportunity to investigate the insured's claim of loss; (2) the insurance company is aware or has notice from the insured of the insured's intent to assert a bad faith claim, if the disputed claim is not paid, and (3) 60 days has expired after the insured gives such notice before filing suit.

Hampton v. Allstate Ins. Co., 48 F. Supp. 2d 739, 747 (M.D. Tenn. 1999).

None of these purposes suggests that a demand for a specific monetary amount is required. Plaintiffs demanded payment for their loss. State Farm's Motion for Summary Judgment on the bad faith claim is DENIED.

**V.   Conclusion**

For the foregoing reasons, State Farm's Motion for Summary Judgment is GRANTED in part and DENIED in part.

So ordered this 13th day of June, 2022.

                                                */s/ Samuel H. Mays, Jr.*
                                                SAMUEL H. MAYS, JR.
                                                UNITED STATES DISTRICT JUDGE